**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| TROY MARTIN, <br><br> Petitioner, <br><br> v. <br><br> CLAUDIA BALDUCCI, <br><br> Respondent. | NO. C12-2016-RSL-JPD <br><br> REPORT AND RECOMMENDATION |

Petitioner Troy Martin seeks 28 U.S.C. § 2254 habeas relief from the revocation of his probation in October 2012. (Dkt. 3; *see* Dkt. 4 (construing petition as filed pursuant to § 2254 and substituting respondent).) Respondent argues that the habeas petition should be dismissed as mooted by Mr. Martin's release from custody or for failure to exhaust state-court remedies. (Dkt. 10.) The Court recommends DISMISSING Mr. Martin's § 2254 habeas petition without prejudice because he has not exhausted his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). The Court recommends DENYING issuance of a certificate of appealability because Mr. Martin cannot show a debatably valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**I. DISCUSSION**

Respondent argues that the habeas petition is moot because although Mr. Martin filed the petition while incarcerated in November 2012, he was released in December 2012. This

REPORT AND RECOMMENDATION - 1

argument is foreclosed by *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994), *overruled on other grounds*, 8 U.S.C. § 2254(c). In *Chacon*, the Ninth Circuit recognized an irrefutable presumption that collateral consequences result from any criminal conviction, explaining that "[o]nce convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed." *Id.*; *accord Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

Nonetheless, respondent has demonstrated that Mr. Martin has not exhausted his state-court remedies. A habeas petitioner satisfies the exhaustion requirement only if the petitioner fairly presented the claim to the highest state court available. *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Represented by counsel, Mr. Martin moved to dismiss his own direct appeal of his probation revocation. (Dkt. 10, at 3–6.) The King County Superior Court later denied Mr. Martin's state-court petition for habeas corpus relief (Dkt. 10, at 7) and there is no indication that he ever appealed that decision. Mr. Martin therefore never presented his present habeas claims to the highest state court available. Mr. Martin's habeas petition should be dismissed without prejudice for failure to exhaust state-court remedies.

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The Court recommends denying issuance of a COA because no jurist of reason could disagree with the Court's decision to dismiss Mr. Martin's habeas petition without prejudice for failure to exhaust state-court remedies, or could conclude that the issues deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## II. CONCLUSION

The Court recommends DISMISSING Mr. Martin's § 2254 habeas petition without prejudice because he has not exhausted his state-court remedies. 28 U.S.C. § 2254(b)(1)(A).

1  The Court recommends DENYING issuance of a certificate of appealability because Mr.
2  Martin cannot show a debatably valid claim of the denial of a constitutional right.  *See* 28
3  U.S.C. § 2253(c)(2).
4      DATED this 9th day of May, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3